UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JUNGERS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  21-CV-0829 W (MSB)<br><br>**ORDER GRANTING ATTORNEY'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF JOHN JUNGERS [DOC. 30]** |

Attorney Danielle R. Pena and PHG Law Group have filed a motion to withdraw as attorney of record for Plaintiff John Jungers.  The motion is unopposed.

The Court decides the matter on the papers submitted.  See Civ.L.R. 7.1.d.1.  For the reasons set forth below, the Court **GRANTS** the motion [Doc. 30].

**I.   BACKGROUND**

On April 28, 2021, Plaintiff John Jungers filed the Complaint naming Defendants City of San Diego, SDPD Officers Fernando F. Rincon, Jr. and Brooks R. Noble (collectively, the "City Defendants"), the County of San Diego and various Doe Defendants. (*See Compl.* [Doc. 1].)  Thereafter, Plaintiff settled with the City Defendants

and on November 2, 2021, filed a joint motion to dismiss the City Defendants. (*See Jt. Motion* [Doc. 18].)

Meanwhile, Defendant County of San Diego filed a motion to dismiss, which was granted without leave to amend on December 22, 2021. (*See MTD Order* [Doc. 20].) As a result, the only remaining defendants are the does.

On January 26, 2022, this Court issued an Order to Show Cause ("OSC") why the case should not be dismissed for failure to serve any of the doe defendants. (*See OSC I* [Doc. 22].) Plaintiff's response to the OSC requested an opportunity to discover the identities of the doe defendants. (*Pl's Response to OSC I* [Doc. 23] 3:1–6.)

On March 28, 2022, the parties attended a telephonic discovery conference with the Magistrate Judge. (*Minute Order* [Doc. 28].) Shortly after the telephonic conference, Attorney Pena spoke with Plaintiff about the status of the case and advised him on how to proceed. (*Pena Decl.* [Doc. 30-1] ¶2.) Since then, Attorney Pena has been unable to contact Plaintiff despite multiple attempts via telephone and email. (*Id.* ¶¶ 2–4.)

On September 29, 2022, this Court issued a second OSC for failure to serve the doe defendants. (*See OSC II* [Doc. 29].) Following the issuance of the second OSC, Attorney Pena again attempted unsuccessfully to contact Plaintiff. (*Pena Decl.* ¶ 3.)

On October 12, 2022, in response to the second OSC, Attorney Pena filed the pending motion to withdrawal as counsel based on the complete and total breakdown in communication with Plaintiff. (*Motion* [Doc. 30] 2:24–25, 4:12–14.)

## II. DISCUSSION

An attorney may not withdraw as counsel except by leave of court. Darby v.City of Torrance, 810 F.Supp. 275, 276 (C.D.Cal.1992); Civ.L.R. 83.3.f.3. "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court...." Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982). Factors considered in evaluating the motion are "1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the

harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." <u>CE Resource, Inc. v. Magellan Group, LLC</u>, 2009 WL 3367489, at *2 (E.D.Cal. 2009) (citing <u>Canandaigua Wine Co., Inc. v. Moldauer</u>, 2009 WL 89141, at *1 (E.D.Cal. 2009)).

Withdrawal of counsel is governed by the standards of professional conduct required of members of the State Bar of California. <u>See</u> <u>Nehad v. Mukasey</u>, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). California Rule of Professional Conduct 3-700(C) enumerates several grounds under which counsel may properly seek to withdraw from a representation. Rule 3-700(B)(d) provides that an attorney may seek withdrawal where the client's conduct "renders it unreasonably difficult for the member to carry out the employment effectively." Accordingly, "[s]tate and federal courts in California have granted motions to withdraw where a client fails to cooperate and communicate with counsel regarding the representation." <u>BLK Enters., LLC v. Unix Packaging, Inc.</u>, 2018 WL 5993842, at *1 (C.D.Cal. 2018) (citations omitted).

Here, Plaintiff's failure to respond to Attorney Pena's numerous attempts to contact him renders it unreasonably difficult for counsel to carry out her representation of Plaintiff in this lawsuit. Additionally, given the posture of this case—i.e., none of the remaining defendants have been served—there is nothing in the record suggesting that Attorney Pena and PHG Law Group's withdrawal will prejudice the litigants in this matter, will harm the administration of justice or unduly delay the resolution of this case. Further, Attorney Pena has demonstrated diligence in attempting to notify her client of the motion to withdraw. (*Pena Decl. Re. Service* [Doc. 32] ¶¶ 2–3.)

### III. CONCLUSION & ORDER

For all the reasons set forth above, the Court **GRANTS** Attorney Pena and PHG Law Group's motion to withdraw as attorney of record for Plaintiff John Jungers [Doc. 30] and **ORDERS** as follows:

- Attorney Pena shall serve a copy of this order on Plaintiff John Jungers at his last known mailing and e-mail address or addresses.
- On or before **December 2, 2022**, Attorney Pena shall file a notice with this Court listing the mailing and e-mail addresses used to serve Plaintiff John Jungers.
- On or before **December 9, 2022**, Plaintiff John Jungers shall file a notice with this Court verifying his mailing and e-mail addresses.

**IT IS SO ORDERED.**

Dated: November 21, 2022

_____
Hon. Thomas J. Whelan
United States District Judge